■    In the Matter of the Adoption by DAVID E. JOHNSON and Another of THEODORE J. DE VITO. (Appeal No. 1.)—Order unanimously reversed, without costs, and matter remitted to Jefferson County Family Court for further proceedings, in accordance with the following memorandum: Family Court erred in denying petitioners' applications to proceed with adoption proceedings without the consent of the natural father of the adoptive children. The record reflects that respondent father failed to visit or communicate with his children for a period in excess of six months (Domestic Relations Law, § 111, subd 2, par [a]). Even after Family Court ordered on June 20, 1978 the petitioner mother to "cooperate with any programs established by the Community Mental Health Center concerning a visitation schedule for [respondent] * * * with children", respondent made no effort to exercise or enforce his right to visitation. As Family Court stated during the hearing on the within applications, "it [was petitioner mother's] obligation to cooperate,

but it was [respondent father's] * * * obligation to set [a visitation program] up". Unrebutted proof shows that respondent did nothing to pursue his rights under the court's directive of June 20, 1978, made no attempt to contact his children and failed to make support payments thereafter. In accord with the clear directives of subdivisions 2 and 6 of section 111 of the Domestic Relations Law and the policy behind its enactment "to facilitate the freeing of children for adoption" (see Memorandum of the Temporary State Commission on Child Welfare, in support of Senate Bill 8850-A for 1976, NY Legis Ann, 1976, p 239), we hold that the consent to adoption by respondent is not required. (Appeal from order of Jefferson County Family Court—adoption.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.